UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DWIGHT WILLIAMS,

    Plaintiff,

v.                                                                              Case No. 3:16-cv-689-J-34PDB

ROBERT MERCADO AND MONROE
BARNES,

    Defendants.
_____

# ORDER

## I. Status

Plaintiff Dwight Williams, an inmate of the Florida penal system, initiated this action on May 31, 2016,[1] by filing a Civil Rights Complaint (Doc. 1). Williams filed an Amended Complaint (Amended Complaint; Doc. 13) on February 28, 2017. He names as defendants Monroe Barnes and Robert Mercado. In the Amended Complaint, Williams asserts that Defendants permanently suspended Samona Taylor[2] from visiting him in prison in violation of the Equal Protection Clause of the Fourteenth Amendment. As relief, Williams seeks compensatory and punitive damages, and "an injunction striking down the indefinite suspension of" Samona Taylor's visitation privileges. Amended Complaint at 7.

---

[1] The Court gives Williams the benefit of the "prison mailbox rule." Under the "prison mailbox rule," a prisoner's pro se court filings are deemed filed on the date they are delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] In the Statement of Facts section of the Amended Complaint, Williams states that Samona Taylor is his girlfriend. See Amended Complaint at 5. However, in the Relief Requested section of the Amended Complaint, Williams refers to Samona Taylor as his fiancé. Id. at 8. Whether Samona Taylor is Williams' girlfriend or fiancé has no bearing on the matters addressed in this Order.

Before the Court is Defendant Mercado's Motion to Dismiss (Mercado Motion; Doc. 23). The Court advised Williams that he had thirty days to respond to a motion to dismiss and that the granting of a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter (Court Order; Doc. 14). On May 23, 2017, Williams filed a response in opposition to the Mercado Motion. <u>See</u> Reply to Defendant Mercado's Motion to Dismiss (Mercado Response; Doc. 27).

Also before the Court is Defendant Barnes' Motion to Dismiss (Barnes Motion; Doc. 26). When Williams did not respond to the Barnes Motion within thirty days, the Court directed Williams (1) to show cause why the claims against Barnes should not be dismissed for failure to comply with the Court Order and (2) to file a response to the Barnes Motion by August 9, 2017. Doc. 28. On August 2, 2017, Williams filed a response in opposition to the Barnes Motion. <u>See</u> Reply to Defendant Mercado's Motion to Dismiss (Barnes Response; Doc. 29).[3]

Because the Barnes Motion and Mercado Motion (collectively, the Motions) present identical arguments in support of dismissal, the Court will address the Motions together. The Court notes that Barnes and Mercado also submitted identical exhibits in support of the Motions. Docs. 23-1 and 26-1. Barnes and Mercado state that the Court may consider the exhibits without converting their Motions to ones for summary judgment because they are central to Williams' claim and the exhibits are authentic public records. <u>See</u> Barnes Motion at 2; Mercado Motion at 2. Generally, a district court "must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." <u>Day v. Taylor</u>, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, a district

---

[3] Despite the title of Williams' document, it is apparent in the body of the document that Williams is responding to the Barnes Motion.

2

court may consider material beyond the four corners of a complaint in ruling on a motion to dismiss if the material "is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). Upon review of the Motions, the Court determines that consideration of the exhibits submitted by Barnes and Mercado is unnecessary to their resolution. Thus, whether or not the exhibits meet the exception to the general rule, the Court declines to consider them, and will analyze the Motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see Miljkovic v.Shafritz

3

and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (citation and footnote omitted). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). Consistent with this authority, the Eleventh Circuit has instructed:

> To survive a motion to dismiss, [plaintiff]'s complaint must have set out facts sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This means he must have alleged "factual content that allow[ed] the court to draw the reasonable inference that the defendant[s] [were] liable for the misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The allegations must be plausible, but plausibility is not probability. See id.

Lane v. Philbin, 835 F.3d 1302, 1305 (11th Cir. 2016).

### III. Williams' Amended Complaint[4]

On April 27, 2014, Williams received a visit from Samona Taylor during the visiting hours at Columbia Correctional Institution. Amended Complaint at 4. After the visiting hours, Mercado and Officer Marcus Cooper conducted strip searches on Williams and other inmates. Id. During the search of Williams' clothing, Mercado found tissue paper and assumed the tissue paper was used "as an attempt to push unknown contraband into [Williams'] anal area." Id. Williams tried to explain to Mercado that the "supposed white object was nothing more than wadded toilet paper" used for Williams inflamed hemorrhoids, but Mercado refused to listen and "ordered [Williams] to stop." Id. Mercado handcuffed Williams and escorted him to a dry cell for further examination. Id. In the dry cell, Williams removed the tissue paper from his rectal area and gave it to the prison officials. Id. Prison officials then physically and visually examined Williams' rectum. Id. at 5. During this process, Mercado "repeatedly stated that [Williams] would never see [his] girlfriend again." Id. After the examination, prison officials moved Williams to an administrative confinement cell. Id.

On April 28, 2014, Mercado wrote a disciplinary report (DR) stating that Williams disobeyed a verbal or written order. Id. Prison officials found Williams guilty of disobeying an order and "sentenced [him] to 30 days of DC confinement." Id. Following the April 27th incident, prison officials suspended Samona Taylor's visitation privileges with Williams. See id. Williams "appealed the DR" to the Assistant Warden. Id. Despite the fact that no

---

[4] The Amended Complaint is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the Amended Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d at 1297 (quotations and citations omitted). As such, the recited facts are drawn from the Amended Complaint and may differ from those that ultimately can be proved.

contraband had been found "on or in [Williams'] body," the Assistant Warden denied the appeal on May 19, 2014. Id.

On May 28, 2014, Williams filed a grievance regarding the suspension of Samona Taylor's visitation privileges. Id. Classification Officer J. Tomlinson denied the grievance stating "Samona Taylor's privileges were suspended permanently based on the DR and incident report." Id. Williams appeal of the denial of this grievance was "returned without action." Id. Williams filed another grievance on June 2, 2014, denying the fact that he or Samona Taylor attempted to introduce contraband into the correctional institution, and explaining "how he was dry celled, and physically searched and no contraband was ever found." Id. at 5-6. On June 11, 2014, Assistant Warden Polk denied the grievance stating that an incident report completed on April 27, 2014, provided enough evidence that Samona Taylor passed contraband to Williams and Williams was "clearly observed attempting to push contraband into his rectal area." Id. at 6. In the denial, the Assistant Warden noted that Williams' visitation had been suspended indefinitely for violating Chapter 33-601.727(1)(c) of the Florida Administrative Code. Id. Williams appealed the denial of the grievance to the Warden on February 25, 2015. Id. at 7. The Warden denied the appeal "stating that the visitor's visitation privileges were suspended for a serious rule violation, and that [Williams] was found guilty of an infraction involving the visiting park, and the visitor was visiting [Williams] that day therefore [Samona Taylor's] visitation privileges were suspended." Id. at 7. Further, the Warden stated that "[a] review of the incident was conducted on February 16, 2015, and it was determined that [Samona Taylor's] visitation privileges would remain permanently suspended." Id.

Williams denies that his actions or Samona Taylor's actions warrant indefinite suspension of visitation privileges under Chapter 33-601.731(2). He states that on April 27, 2014, other inmates received visits from their friends and family, but no other visitor's visitation privilege was suspended. Id. In the end, he asserts that he "was not treat [sic] equally as others who had visits that day." Id.

### IV. Summary of Arguments

Barnes and Mercado argue that (1) Williams lacks standing to sue on behalf of Samona Taylor, (2) Williams is barred by 42 U.S.C. § 1997e(e) from recovering compensatory or punitive damages because Williams fails to allege any physical injuries, and (3) Williams fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment; and they are entitled to qualified immunity. With respect to Williams' failure to state a claim, Barnes and Mercado assert that (1) Williams has failed to allege any other similarly situated inmate that received more favorable treatment, (2) the action of suspending Samona Taylor's visitation privileges did not harm a constitutionally protected interest of Williams, and (3) Williams does not allege a discriminatory motive.

In response to the Motions, Williams asserts that he is not attempting to sue on behalf of Samona Taylor and agrees that his claims for compensatory and punitive damages must be dismissed because he suffered no actual physical injury. However, he contends that he has sufficiently stated equal protection claims based on a "class of one" theory.

### V. Law and Conclusions

The Equal Protection Clause of the Fourteenth Amendment provides that "No State shall make or enforce any law which shall . . . deny to any person within its

7

jurisdiction the equal protection of the law." U.S. Const. amend XIV, §1. Generally, to establish a classic equal protection claim, an inmate must demonstrate "that '(1) he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986)). Here, however, Williams states that he is pursuing an equal protection claim based on a "class of one" theory. The United States Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he or] she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see Grider v. City of Auburn, Ala., 618 F.3d 1240, 1263–64 (11th Cir. 2010) ("To prevail on a 'class of one' equal protection claim, Plaintiffs must show they were intentionally treated differently from others who were 'similarly situated' and that there is no rational basis for the difference in treatment."). "To be 'similarly situated,' the comparators must be 'prima facie identical in all relevant respects.'" Grider, 618 F.3d at 1264 (quoting Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1204 (11th Cir. 2007)) (emphasis omitted). Consistent with this authority, the Eleventh Circuit has determined that, with respect to the similarly situated requirement, "class of one plaintiffs may [at the motion to dismiss stage] fairly be required to show that their professed comparison is sufficiently apt." See Griffin Indus., 496 F.3d at 1205 (citations and internal quotations omitted) (collecting cases). As such, to state a valid "class of one" claim, a plaintiff must "allege at least one similarly situated comparator." See, e.g., Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327, 1342 (S.D.

Fla. 2014); see also id. at 1340 (collecting Eleventh Circuit precedent for the proposition that "[c]lass of one equal protection claims generally require plaintiffs to identify comparators in the pleading ...").

In pleading the existence of a similarly situated comparator, a "class of one" plaintiff must also demonstrate that any comparator is "very similar indeed[,]" such that a plaintiff "might fail to state a claim by omitting key factual details in alleging that [he or she] is 'similarly situated' to another." See Griffin Indus., 496 F.3d at 1205 (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998)) (further noting that "[b]are allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim ...") (additional citations omitted). Indeed, to be similarly situated in a "class of one" claim, a comparator must ultimately be "prima facie identical in all relevant respects." Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006). Where a plaintiff has not demonstrated that a comparator was similarly situated in all relevant respects, dismissal is appropriate. See, e.g., Decker v. Citrus Cnty., 183 F. Supp. 3d 1203, 1205 (M.D. Fla. 2016); see also GJR Invs., 132 F.3d at 1367-68 (11th Cir.1998) ("With regard to the 'similarly situated' prong, the complaint does not present a single instance in which a similarly situated developer was granted a permit; it merely alleges that nameless, faceless 'other' permit applicants were given better treatment. Bare allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim....").

In the Amended Complaint, Williams makes a single boilerplate allegation that he "was not treat[ed] equally" to other inmates who received visits on April 27, 2014. See Amended Complaint at 7. In his responses, Williams goes somewhat further arguing that

9

"[t]hroughout the entire Department of Corrections, there has never been another inmate who was denied the right to visit a loved one based on the fact that they got a [sic] disobeying a verbal order DR," Barnes Response at 4, and that on April 27, 2017, "all other inmates who were given a disobeying a verbal order disciplinary report in the Department of Corrections was [sic] not denied the right to visit with a loved one." Mercado Response at 6.[5] However, he provides no specificity regarding any alleged "similarly situated" inmate. Not only does he fail to identify any inmate, he fails to allege facts suggesting that another inmate whose characteristics are identical to him exists.

Notably, in focusing solely on his receipt of the DR for failing to obey an order, Williams fails to appreciate the stated reason for the suspension of Samona Taylor's visitation privileges. In denying Williams' grievance regarding the suspension, Williams asserts that prison officials stated that "Samona Taylor's privileges were suspended permanently based on the DR **and** incident report." Amended Complaint at 5 (emphasis added). Additionally, after Williams filed another grievance challenging the suspension, Williams acknowledges that the Assistant Warden explained that "a review of his file revealed that an incident report was completed on April 27, 2014 that involved him and Samona Taylor, which provided enough evidence that Ms. Taylor passed contraband to him and that he was clearly observed attempting to push contraband into his rectal area." Amended Complaint at 6. Thus, both the circumstances leading up the DR and the DR

---

[5] In light of Williams' pro se status, the Court liberally construes Williams' responses as a motion to amend the Amended Complaint and grants the motion to amend. Cf. Newsome v. Chatham Cnty. Det., Ctr., 256 Fed. App'x 342, 344 (11th Cir. 2007) ("Because courts must construe pro se pleadings liberally, the district court should have considered [the plaintiff's] additional allegations in the objection as a motion to amend his complaint and granted it."). Therefore, the Court will consider Plaintiff's newly asserted allegations in its ruling here.

were relevant to the discretionary decision of the prison officials to suspend Samona Taylor's visitation privileges. Indeed, Williams alleges that Mercado and Officer Marcus Cooper conducted a strip search on him after his visit from Samona Taylor, and Mercado "ordered [him] to stop" when Mercado believed Williams was attempting "to push unknown contraband into his anal area." Amended Complaint at 4. While Williams denies he had contraband, he admits he had tissue paper in his rectal area that he gave to the prison officials. Id. Additionally, while Williams argues that other inmates who received a DR for failing to obey an order did not have their loved one's visitation suspended, he fails to allege that any of these inmates were believed to have been observed attempting to push contraband into their anal area. Indeed, Williams fails to allege the existence of any inmate who prison officials believed engaged in the conduct in which Williams was believed to have engaged who was treated differently than he was. Thus, Williams has failed to allege the existence of an individual similar "in light of all the factors that would [have been] relevant" to the prison officials. Griffin, 496 F.3d at 1207.

To establish a "class of one" equal protection claim, "a complaint must identify sufficient facts about a comparator to determine whether the comparator is similarly situated." Alvarez v. Sec'y, Fla. Dep't of Corr., 646 Fed. App'x 858, 863-64 (11th Cir. 2016). In the Amended Complaint, Williams omits key factual details (for example whether an item was found on another inmate during the strip search after visitation hours) in alleging a "similarly situated" comparator; and therefore, fails to state a "class of one" equal protection claim. See Tims v. Golden, No. CV 15-0516-WS-B, 2016 WL 4259118, at *4 (S.D. Ala. Aug. 10, 2016) ("The plaintiff presumably need not present comparators fitting precisely [the plaintiff's situation] to survive dismissal, but she must at least identify

some aspects of their situations that make their stories more or less parallel to hers. Because she has not done so, the plaintiff's class-of-one equal protection claim is due to be dismissed for failure to state a claim.). For these reasons, the Court will grant the Barnes Motion and the Mercado Motion, and dismiss Williams' "class of one" equal protection claims.[6] Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Defendant Mercado's Motion to Dismiss (Doc. 23) is **GRANTED** to the extent that Williams fails to state a "class of one" equal protection claim.

2. Defendant Barnes' Motion to Dismiss (Doc. 26) is **GRANTED** to the extent that Williams fails to state a "class of one" equal protection claim.

3. Plaintiff's "class of one" equal protection claims against Defendants Monroe Barnes and Robert Mercado are **DISMISSED**.

4. This case is **DISMISSED**.

5. The Clerk of the Court is directed to terminate any pending motions, enter judgment dismissing this case, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of January, 2018.

MARCIA MORALES HOWARD
United States District Judge

sflc

c: Dwight Williams, #769911
Counsel of Record

---

[6] Because the Court finds that Williams fails to state "class of one" equal protection claims, it need not address Defendants' arguments regarding Williams' standing to sue, 42 U.S.C. § 1997e(e), or qualified immunity.